UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Bernard May, | Case No. 2:25-cv-01673-CDS-MDC |
| Plaintiff | **Order Accepting Magistrate Judge's Report and Recommendation and Dismissing Case** |
| v. | |
| Clark County, | |
| Defendant | [ECF No. 4] |

Plaintiff Bernard May, an inmate in the custody of the Nevada Department of Corrections, commenced this civil action against Clark County by submitting an application to proceed *in forma pauperis* (IFP) alongside his complaint. ECF Nos. 1, 1-1. On October 2, 2025, United States Magistrate Judge Maximiliano D. Couvillier denied May's IFP application and ordered him to either submit the court approved prisoner IFP form and his trust fund account statement or pay the filing fee no later than November 3, 2025. Order, ECF No. 3. May was warned that failure to comply would result in dismissal without prejudice. *Id.* at 3.

The November 3 deadline passed, and May had neither paid the filing fee nor completed a prisoner IFP application. So Judge Couvillier issued a report and recommendation (R&R) that I dismiss May's case for his failure to comply with the court's order. R&R, ECF No. 4. May had until December 17, 2025, to file any specific, written objections to the magistrate judge's R&R. *Id.* at 3 (citing Local Rule IB 3-2 (stating that parties wishing to object to the findings and recommendations must file specific written objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). That deadline passed, and May did not object or request more time to do so. The law is clear that "no review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

To begin an action without prepaying fees and costs, the person must demonstrate poverty through an IFP application. A prisoner's IFP application must be submitted on the appropriate Court form and include the following specific financial information: (1) a certified copy of the prisoner's account statement for the six-month period before filing, (2) a financial certificate signed by the prisoner and an authorized prison official, and (3) the prisoner's financial acknowledgement confirming under the penalty of perjury that the financial information is true. 28 U.S.C. § 1915(a)(1), (2). Here, May did not use the appropriate form or include a certified copy of his trust account statement for the six-month period immediately preceding the filing of his complaint. Given May's failure to comply with the court's order, Judge Couvillier considered the dismissal factors discussed in *Malone v. United States Postal Service* and found that they weighed in favor of dismissal. ECF No. 4 at 2–3 (citing 833 F.2d 128, 130 (9th Cir. 1987)). I agree. A party's failure to comply with a court order constitutes grounds for dismissal under Federal Rule of Civil Procedure 41(b). *See also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("[T]he district court may dismiss an action for failure to comply with any order of the court."). I therefore accept the R&R in its entirety and dismiss this action.

### Conclusion

IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 4] is accepted and adopted in full**. This case is dismissed without prejudice.

The Clerk of Court is kindly instructed to close this case.

Dated: December 23, 2025

_____
Cristina D. Silva
United States District Judge

2